The People, ex rel. Marie Guy, Defendant in Error, v. Felix Janos, Plaintiff in Error.

### Gen. No. 14,834.

BASTARDY—*when restriction of cross-examination will reverse.*  It is error to restrict the cross-examination of the prosecutrix where the effect is to keep out evidence which might tend to show that a person other than the defendant was the father of the child of such prosecutrix.

Error to Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed October 21, 1910.

MORRIS LOEFF and E. M. SEYMOUR, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; FREDERIC BURNHAM, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The complaining witness in this case, charges the defendant, plaintiff in error, with being the father of her bastard child.  Having admitted on her cross-examination that she had stated in the presence and hearing of three persons that John, the step-son of the defendant, was the father of her child, she was then asked by defendant's attorney: "Q. Did you ever go out with John, his son?"  A general objection was made to the question and sustained by the court.  This was error.  The defendant was entitled to examine her fully as to her relations with John, and to draw out of her, if he could, any facts and circumstances in relation to the subject matter of her statements in order to test the truth thereof. It was material to the defense, and the refusal of the court to

permit the examination was material error for which the judgment must be reversed. The record shows other rulings of the same character on the same subject, in the cross-examination of the complaining witness, which were an unwarranted denial of the right of cross-examination.

For these errors the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*